IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

John M. Reilly,

      **Plaintiff,**

vs.                                                Case No:

Leviton Manufacturing Co., Inc.,        JURY DEMAND

      **Defendant.**

## VERIFIED COMPLAINT

## JURISDICTION and VENUE

1. This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiffs seek payment for hours worked unpaid overtime and liquidated damages that they were deprived of due to Defendant's violations of the Fair Labor Standards Act. Plaintiffs also seek a reasonable attorney fee and costs pursuant to 29 U.S.C. § 216(b).

2. Count I of this action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). Jurisdiction is based on 28 U.S.C. § 1331, (federal question). The state claims brought in this action are proper in this court under 28 U.S.C. § 1367(a). All presented state claims are so related to the federal claims brought in this action that they form part of the same case or controversy under Article III of the United States Constitution.

3. The acts complained of took place in Lebanon, Wilson County, Tennessee.

## PARTIES

4. Plaintiffs, John M. Reilly is a former employees of Leviton Manufacturing Co., Inc., ("Defendant Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (e) (1).

5. The Defendant, Leviton Manufacturing Co., Inc., is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

6. Defendant Employer comprises an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e) (1). Specifically, Defendant provide is a North American producer or electrical and electronic products.

## FACTUAL ALLEGATIONS

7. Plaintiff in an adult citizen of the State of New Mexico, residing in Albuquerque.

8. Plaintiff worked for Defendant starting in November 2008.

9. Plaintiff's job title at his time of hire was that of a Maintenance Supervisor.

10. Plaintiff's actual job duties were that of an industrial maintenance technician with no direct reports or supervisory duties.

11. Plaintiff worked under and directly reported to a Maintenance manager.

12. Over the course of his employment with Defendant, Plaintiff did not have a set time and work schedule.

13. While employed with the Defendant, Plaintiff could be called into work with little or no warning.

14. The Plaintiff worked over 40 hour most every week during his employment.

15. Plaintiff was compensated $1000.00 per week, except for the week of Thanksgiving 2008, where Plaintiff was compensated at $25.00 per hour.

16. In addition to being the in house maintenance man; Plaintiff was responsible for certain other duties such as wiring up high voltage wires, welding, painting, and hammering and installing drill guards.

2

17. Plaintiff received the same rate of pay regardless of the number of hours he worked each week; however the one week the Plaintiff did not work 40 full hours due to the holiday he was compensated at an hourly.

18. Plaintiff s' job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 USC § 201 *et seq*.

19. The Defendant willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay any overtime for any of the time worked by the Plaintiffs.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20. Plaintiffs hereby reallege paragraphs 1 through 19 as though fully set forth herein.

21. Defendant willfully failed to compensate Plaintiff at a rate of one and one-half times the Plaintiff's regular hourly rate for all hours worked in excess of 40 hours for the entire time he worked for Defendant. Defendant further willfully failed to maintain records of all compensable work time subjecting them to further penalty under 29 USC §216(b).

22. Defendant, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

WHEREFORE, Plaintiffs request this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of overtime wages that Plaintiff should have received under the Fair Labor Standards Act but for Defendant's willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

(2) all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

(3) all amounts of wages, including overtime, earned by Plaintiff;

(4) attorney fees, interest and costs, and

(5) any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

_____
Jonathan A. Street, #021712
Attorney for the Plaintiffs
Higgins, Himmelberg, and Piliponis
116 3rd Ave South
Nashville, TN 37201

STATE OF NEW MEXICO )
_Bernalillo_ COUNTY )

    Before me, the undersigned, a Notary Public, in and for said County, and in said State, personally appeared Plaintiff, John M. Reilly, whose name is signed to the forgoing Verified Complaint, who is known to me, and who, after being duly sworn by me, deposes and states that the facts set out in the Verified Complaint, are true and correct to the best of his knowledge, and that he executed this Verified Complaint voluntarily on the day the same bears date.

Sworn to and subscribed before me on this the _16_ day of _March_, 2010.

_Bobbie Morris_
Notary Public:
My Commission Expires: _3-16-13_

OFFICIAL SEAL
BOBBIE MORRIS
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires 3-16-13

JOHN REILLY

5