IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

JOHN M. REILLY, )
)
    Plaintiff, )
)
v. ) Case No. 3:10-cv-00265
) Nixon/Brown
LEVITON MANUFACTURING CO., INC., )
)
    Defendant. )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to the Notice of Setting Initial Case Management Conference and Local Rule 16.01, Plaintiff, John M. Reilly, and Defendant, Leviton Manufacturing Co., Inc., submit the following proposed Initial Case Management Order:

1. **Service of Process and Status of Responsive Pleadings**: Service of process is complete. Defendant filed its Answer on June 28, 2010. In light of Defendant's appearance, Plaintiff has agreed to withdraw its Motion for Default.

2. **Jurisdiction and Venue**: Jurisdiction and venue are not disputed. The Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. pursuant to 28 U.S.C. §1331.

3. **Case Theories**:

(a) <u>Plaintiff's Theory of the Case</u>: The Plaintiff in this matter was hired by the Defendant in November, 2008. He was given the title of Maintenance Supervisor although he supervised no employees. Plaintiff's job duties were those of a maintenance technician with no supervisory duties. While working for Defendant, Plaintiff could be called into work with little to no notice whatsoever. Plaintiffs regular work week was 40 hours and he was compensated

1

$1000.00 for those 40 hours, $25.00 per hour. Many of the weeks, Plaintiff was required to work in excess of 40 hours but never received any pay whatsoever. On the weeks Plaintiffs did work less than 40 hours, he was compensated at the rate of $25.00 per hour. Plaintiff's job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 USC § 201 et seq.

(b) <u>Defendant's Theory of the Case</u>: Defendant employed Plaintiff as a Maintenance Supervisor from November 2008 until his employment was terminated in May 2009. Defendant denies that it willfully failed to pay Plaintiff overtime and failed to comply with applicable record keeping requirements under the FLSA. Instead, Plaintiff, at some or all times material to this action, was exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §207, pursuant to the provisions of 29 U.S.C. § 213(a)(1).

Further, and without admitting any of the allegations made by Plaintiff, Defendant asserts that: (1) Plaintiff's claims are barred on the grounds that, pursuant to 29 U.S.C. § 259(a), Defendant has acted in good faith and in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, or interpretations of the Wage and Hour Division of the Department of Labor; (2) Plaintiff's claims for liquidated damages are barred pursuant to 29 U.S.C. § 260 because all acts taken with respect to the manner in which Plaintiff was compensated were, at all times, in good faith and based upon reasonable grounds for Defendant to believe that it was not in violation of the FLSA; (3) the *de minimis* rule applies to any violations of the FLSA that have occurred with respect to Plaintiff; (4) Defendant has at all times acted reasonably and in good faith with respect to its obligations pursuant to 29 C.F.R. §516 to make, keep and preserve adequate and accurate records of covered employees and the

wages, hours and other conditions and practices of employment; and if Plaintiff is entitled to any compensation for overtime, any time spent in any preliminary or postliminary activities by Plaintiff must be excluded from compensable hours of work. Defendant further asserts that the Complaint is barred, in whole or in part, pursuant to the Portal-to-Portal Act; Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppels, waiver, and/or other equitable defenses; and Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits or offsets permissible under the FLSA.

4. **Identification of the Issues:** The unresolved issues include: (1) whether Plaintiff is entitled to any overtime compensation, and if so, in what amount, and (2) whether Plaintiff is entitled to liquidated damages. No issues have been resolved at this point.

5. **Need for Other Claims or Special Issues**: The parties do not anticipate counter-claims, cross-claims, third-party claims, class-action certification or the need for resolution of any other special issues.

6. **Witnesses**: The parties will identify potential witness in their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

7. **Pretrial Proceedings/ Discovery**:

   (a) Applicable Deadlines:

   INITIAL DISCLOSURES (RULE 26(a)(1)):        July 30, 2010

   JOINING PARTIES:

       **For Plaintiff:**     September 30, 2010
       **For Defendant:**     October 29, 2010

   AMENDING PLEADINGS:

       **For Plaintiff:**     September 30, 2010
       **For Defendant:**     October 29, 2010

3

**EXPERT DISCLOSURE (RULE 26(a)(2)):**

    **Plaintiff's Experts:**    November 15, 2010
    **Defendant's Experts:**    December 15, 2010

**COMPLETING ALL DISCOVERY:**    January 31, 2011

**FILING DISPOSITIVE MOTIONS:**

    **Initial Motion Due:**    February 28, 2011
    **Response Due:**    March 28, 2011
    **Reply Due:**    April 11, 2011

If dispositive motions are filed early, the response and reply dates are moved up accordingly. The Initial Motion and Response Memoranda are limited to 25 pages each; and the Reply, if a reply is filed, is limited to 5 pages, absent Court permission.

    (b) <u>Limitations on Discovery</u>: The parties agree that the limitations on discovery contained in the Federal Rules of Civil Procedure shall apply.

    (c) <u>Necessity of a Protective Order</u>: If the parties agree that a protective order is necessary, the parties will submit an agreed protective order to the Court for consideration.

    (d) The parties do not anticipate the need to stay discovery or to adopt other special procedures applicable to discovery.

    (e) Prior to the filing of any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

    8. <u>Subsequent Case Management Conferences</u>: A case management conference will be held *on tuesday Nov. 16, 2010 at 9:30 AM* ~~telephone, and the~~ call ~~shall be initiated by counsel for Plaintiff.~~ *Portier shall call (615) 695-2851 to participate* —

4

9. **Alternative Dispute Resolution**: The parties have exchanged settlement demands and will continue to pursue settlement on an informal basis. The parties anticipate that mediation may be appropriate following the close of discovery, if necessary.

10. **Consent to Trial Before the Magistrate Judge**: At this time, the parties do not consent to trial before the Magistrate Judge.

11. **Target Trial Date:** The target trial date is August 2011. The parties anticipate that the trial will last 2 days. Plaintiff has demanded a trial by jury.

Jury trial set for Aug. 23, 2011 at 9:00 am and PreTrial Conference set for Aug. 12, 2011 at 10:00 am.

Entered this _____ day of July 2010.

UNITED STATES ~~DISTRICT~~ JUDGE
magistrate

APPROVED FOR ENTRY:

/s/ Jonathan A. Street
Jonathan A. Street (#021712)
Higgins, Himmelberg & Piliponis, PLLC
116 3rd Avenue South
Nashville, TN 37201
Telephone: (615) 353-0930
Facsimile: (615) 353-0963
street@hhpfirm.com

ATTORNEYS FOR PLAINTIFF

/s/ Whitney K. Fogerty
Whitney K. Fogerty (#020082)
Jackson Lewis LLP
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
fogertyw@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

5